Thomas A. Aurelio, J.
Defendants Perry, individually and as president of Local 32-J, move for reargument of plaintiff’s motion which had resulted in the granting of a temporary injunction against them and from a denial of their cross motion to dismiss the complaint.
*1003 One of the issues presented is whether or not a labor dispute herein would tend to burden or obstruct commerce within the meaning of the Taft-Hartley Act. The plaintiff through its employees furnishes porter services at the premises of Austin, Nichols & Co., located at 55-30-58th Street, Maspeth, L. I., N. Y., which has substantial operations in interstate commerce. It therefore appears to be clear that the functions of the employer (plaintiff) here are essential to the operation of Austin, Nichols & Co., and under such circumstances, the employer, with respect to this building maintenance operation, is engaged in commerce within the meaning of the Taft-Hartley Act. (Rheinstein Constr. Co., 88 N. L. R B. No. 16; 25 L. L. R. M. 1284 [1950]; National Labor Relations Bd. v. Dixie Terminal Co., 210 F. 2d 538, cert, denied 347 U. S. 1015 [1954]).
Local 32-J contends that a jurisdictional dispute exists between itself and 32-K, a sister local, with respect to the area where plaintiff’s employees perform their daily tasks. On the original motion, plaintiff urged that no bona fide jurisdictional dispute existed between the locals of the international union, but rather that Local 32-J was asserting the existence of such a dispute in order to bring about the abrogation and termination of the existing agreement between plaintiff and Local 32-K.
However, in connection with this motion for reargument, plaintiff has submitted to this court a letter dated August 1,1958, from George J. Troy, president of Local 32-K, addressed to plaintiff, which states in substance that said local insists on plaintiff’s observance of their contract in every respect, and that the failure to do so could be construed as indicating a breach of contract and justifying strike action.”
Thus it appears that, although plaintiff originally contended that the claimed jurisdictional dispute between Locals 32-J and 32-K was a sham, the aforesaid letter of August 1,1958, clearly negates that contention. In view of these circumstances, I find that a bona fide dispute exists as to the respective jurisdictions of Locals 32-J and 32-K with respect to the area where the work in question is being performed, and it appearing plaintiff’s services to Austin, Nichols & Co., affect interstate commerce, the National Labor Relations Board by virtue of section 8 (subd. [b], par. [4], cl. [D]) of the Taft-Hartley Act has the power to entertain such dispute.
In Pleasant Val. Packing Co. v. Talarico (5 N Y 2d 40, 45) relied upon by plaintiff, the court stated: The remaining and crucial question is whether the National Labor Management Relations Act disables our State courts from acting in the circumstances of this case. It is clesr that if the National Labor *1004 Relations Board is vested with power to entertain the plaintiff’s grievance against the defendant union, our courts are without jurisdiction to act. If the board is not vested with such power State action is still permissible (Garner v. Teamsters Union, 346 U. S. 485).” (Italics ours.)
Since State action is here pre-empted, this court is without jurisdiction.
This is not a situation where a local union which never represented a group of employees or never had a contract covering said employees, seeks for the first time to secure a collective bargaining agreement by claiming that a rival union which is a party to an existing contract is without jurisdiction to represent the employees covered by said contract because of the particular geographical area in which said employees are employed.
In this case Local 32-J had a valid collective bargaining contract with Ever-Beady Maintenance Corporation, plaintiff’s predecessor as the cleaning contractor at the premises of Austin, Nichols & Co., which contract expired on March 1, 1958. As a result of the new contract between Local 32-K and Holland Maintenance Company, Inc., which superseded the afore-mentioned contract between Ever-Beady and Local 32-J, several employees who were members of Local 32-J were replaced in their jobs. Manifestly, Local 32-J had a proper and legitimate interest in the job security of its members, and cannot be considered a stranger union appearing on the scene for the first time.
In view of the finding that the jurisdictional dispute constitutes an unfair labor practice which the National Labor Delations Board has the power to entertain, this court is without jurisdiction to act in the premises. Upon reconsideration, the original determination is recalled, the application for an injunction is denied, and the complaint is dismissed.